**BROWN, Administrator, Office of Price Administration, v. TEXAS LIQUOR CONTROL BOARD et al.**

Civ. No. 192.

District Court, W. D. Texas, Austin Division.

Feb. 14, 1944.

Ben F. Foster, U. S. Atty., W. P. Dobbins and W. E. Remy, all of San Antonio, Tex., and W. B. Harrell, of Dallas, Tex., for plaintiff Prentiss M. Brown.

Gerald C. Mann, Atty. Gen., and Fred C. Chandler and Elbert Hooper, Asst. Attys. Gen., for defendant Texas Liquor Control Board.

KEELING, District Judge.

This suit was instituted by Prentiss M. Brown, National Price Administrator, seeking an injunction to restrain the Liquor Control Board of the State of Texas from selling or offering for sale alcoholic beverages belonging to the State of Texas.

In this case the court is of the opinion that Congress had the authority to enact the Emergency Price Control Act of 1942, 50 U.S.C.A.Appendix § 901 et seq., in the face of the existing emergency of the war, and that that act is within the constitutional powers of the Congress. But, upon the pleadings of the plaintiff and defendants, the stipulation of fact and admissions in the pleadings, the court is further of the opinion that it was not the intention of the Emergency Price Control Act to interfere with the enforcement of the penal laws of the State of Texas enacted under its police powers.

As applied to the State of Texas, the uncontroverted testimony shows that Texas is

one of those states in which the sale of alcoholic beverages is through licensed dealers, and is not one of those states that has any proprietary interest in the alcoholic beverage business. The State of Texas has enacted certain laws penal in their nature to restrain and punish offenders for violations growing out of the illegal handling of alcoholic beverages, and as a part of these penalties, it is provided that alcoholic beverages handled illegally may be, by judicial proceedings, through the Texas Liquor Control Board, confiscated to the State of Texas and sold at judicial sale, and that the proceeds from the sale are made available to the Texas Liquor Control Board to be used by the Board for financing the administration of the laws with regard to alcoholic beverages.

In view of the fact that the sale by judicial order of the small amount of alcoholic beverages confiscated by the Texas Liquor Control Board could not have any substantial bearing upon the maximum price of such alcoholic beverages as are authorized by the Act of Congress of 1942, to be established, and the further fact that when the alcoholic beverages are sold they automatically become subject to the price control regulations under the Price Administrator, and that every purchaser of such alcoholic beverages purchases with the full knowledge of all of the price rules and regulations which govern such alcoholic beverages, it would be impossible for any substantial abuse of any of the price rules and regulations to occur. And also being mindful of the fact of the very important legal machinery of the State for the control and handling of the enormous business growing out of the sale of alcoholic beverages, which if nullified would be a very serious handicap to the administration of the laws of the State of Texas.

I, therefore, conclude that it was not intended by the Act of Congress of 1942, to nullify the admitted power of the State to enact and enforce its penal laws, and as an incident of such enforcement to sell at judicial sale property confiscated in the enforcement of such laws. There is nothing in the Act which shows that Congress intended same to have such far reaching consequences.

It, therefore, follows that the injunction prayed for should be denied, and it is so ordered.