## BOWLES, Administrator, OPA, v. TEXAS LIQUOR CONTROL BOARD et al.

### No. 11022.

Circuit Court of Appeals, Fifth Circuit.

Dec. 15, 1944.

Nathan Siegel, Appellate Atty., O.P. A., of Washington, D. C., David B. Love, Regional Litigation Atty., O.P.A., of Dallas, Tex., and William P. Dobbins, District

Enforcement Atty., O.P.A., and W. R. Smith, Jr., U. S. Atty., both of San Antonio, Tex., for appellant.

Elbert Hooper, of Austin, Tex., for appellee.

Before SIBLEY, HOLMES, and McCORD, Circuit Judges.

SIBLEY, Circuit Judge.

The appellant is the administrator of the Office of Price Administration under the Emergency Price Control Act of Jan. 30, 1942, 56 Stat. 23, 50 U.S.C.A. Appendix § 901 et seq., as amended. The appellee is a State Board established under the laws of Texas to administer the State's laws regulating alcoholic beverages. Such beverages are not sold to the consumer by the State, and may be sold only by persons licensed by the State. Liquors illegally produced or handled are to be seized and condemned as forfeited to the State by courts of competent jurisdiction at the suit of the Attorney General in the name of the State, and then turned over to the Board for "public or private sale in such place or manner as it may deem best; provided, that the Board shall exercise diligent effort to obtain the best available price for anything thus sold." The proceeds of sale go into the State Treasury as a special fund for the enforcement of the liquor laws. Texas Liquor Control Act as amended in 1943, Vernon's Texas Ann. P.C. Arts. 666—30, 666—42.

The Board offered for sale on Oct. 15, 1943, about 100 cases of whiskies and wines which had been duly forfeited, the notice to bidders stating that the best available price would be accepted, but that the purchaser must assume full responsibility to the Office of Price Administration on any resale. A notice of the intended sale was sent to the regional representative of the Office of Price Administration, that a test case might be made if desired. The appellant thereupon filed a petition to enjoin the sale or any other like it, because under maximum Price Regulation 193, 2 F.R. 3153, as amended, such liquors were covered, 7 F.R. 6006; but the State as a seller had no maximum price fixed thereby and was bound 20 days before offering the commodity for sale to apply to the Office of Price Administration for the fixing of a price, which had not been done. The Board by motion to dismiss and by answer admitted the facts alleged but contended the Emergency Price Control Act and the regulations did not apply to a State acting under its police powers to enforce its laws; that the sale was pursuant to the judgment of a court of competent jurisdiction; and that the sales by the Board for the past four years were, on stated figures, less than 0.0014 percent of the whiskey sold in Texas, and 0.0034 percent of the wine, and so insignificant as not to be within the purpose of the Federal Act and the regulations made under it. The facts stated in the answer were also admitted. The court thereupon treated the Act and the regulations as valid, but held them inapplicable to the Board, and denied an injunction by final decree. This appeal followed.

No question of the constitutionality of the Emergency Price Control Act as applied to the State of Texas and its governmental agency is raised or decided. No question of the legality of the maximum price orders need be considered. Such questions are for the Emergency Court of Appeals, and the Board has not applied to that court. Davies Warehouse Co. v. Bowles, 321 U.S. 144, 64 S.Ct. 474; Yakus v. United States, 321 U.S. 414, 64 S.Ct. 660; Bowles v. Willingham, 321 U.S. 503, 64 S.Ct. 641. The district court could only consider whether the price regulations, properly construed, applied to the Board, and must be supposed to have held they did not. At the date of the judgment, April 3, 1944, Supplementary Order No. 10, as issued July 15, 1942, 7 F.R. 5481, was of force. On Aug. 14, 1944, this Supplementary Order No. 10 was revised to read, in pertinent part, as follows: "§ 1. Judicial sales excluded from operation of price schedules and maximum price regulations, except as specified. Except as provided in Sections 2 and 3 hereof, no provisions of any price schedule, maximum price regulation, or other order issued by any office of the Office of Price Administration shall be deemed to apply to any sale at auction or otherwise (a) held pursuant to the provisions of any order of sale made or entered by a State or federal court, (b) held by a sheriff, constable, a bailiff, or other judicial officer pursuant to applicable State or federal law. * * *" The exceptions of Sections 2 and 3 have no application here. The revised Order as it now exists is the rule of law by which this appeal must be decided because an injunction operates in futuro and propriety of future sales by the Board must be tested by it. Thus tested, the attacked

sale is not affected by the price regulations, for it is pursuant to a judgment of condemnation and an order of sale by a Texas court. The express provision of the Texas law, Art. 666—42(b), is that "the court trying said cause shall render judgment forfeiting the same to the State of Texas and ordering the same disposed of as provided for by Section 30 of this Article." Article 666—30 requires sale by the Board, as quoted above. We are informed by appellant's brief that the court's judgment concludes: "And the Texas Liquor Control Board is hereby authorized to sell said illicit beverages as provided by the Texas Liquor Control Act." We think the sale is "pursuant" to the court's order. It is true the statute gives the authority for the sale, and regulates it by stating who shall sell and how; but this is true in all execution sales, and the revised Order exempts them. It is argued also that the title of the quoted Order is "Judicial Sales excluded", and this is not a judicial sale, because the court is not controlling the sale and does not confirm it. We agree that the sale is not a judicial sale in the strict sense, but we think the term "judicial" was not used in a strict sense by the writer of this Order, for he speaks also of sales by "a sheriff, constable, a bailiff, or other judicial officer". None of the officers named are judicial officers, though they are court officers. That is the sense intended. Moreover, by a familiar principle of construction, the body of the enactment controls the title, and the body here does not mention judicial sales, but speaks of sales pursuant to an order of court. If the construction be doubtful, we should incline against interference by the federal government with the proper governmental activities of a State.

It will be noted that Texas is not one of the States that regularly sells liquors as a State monopoly. Its sales are casual and occasional, and always preceded by judicial action. Nor is it really likely that maximum prices will be exceeded, because under the law only licensed liquor dealers may bid, and as they buy for resale under the price controls they cannot afford to bid excess prices. The Administrator can refuse to give them "mark ups" for a resale price if they do. And, if we have misconstrued the Order, or if experience shall show a more drastic regulation to be necessary, he can make a new one. We conclude that the injunction ought not to be granted under the above discussed regulations, and the judgment is accordingly affirmed.