BOWLES, Administrator, Office of Price Administration, v. TEXAS LIQUOR CONTROL BOARD et al.

No. 273.

District Court, W. D. Texas, Austin Division.

Feb. 24, 1945.

William P. Dobbins, of San Antonio, Tex., David B. Love, of Dallas, Tex., and W. W. Palmer, of San Antonio, Tex., for plaintiff.

Grover Sellers, Atty. Gen., and Elbert Hooper, Asst. Atty. Gen., for defendants.

HANNAY, District Judge.

In this case the Administrator of the Office of Price Administration instituted suit against the Texas Liquor Control Board, seeking by injunction to restrain the Liquor Control Board of the State of Texas from selling, or offering for sale, some 1,200 cases of alcoholic beverages belonging to the State of Texas.

This is, in effect, the second trial of this case. Heretofore, as set forth in detail in Brown v. Texas Liquor Control Board, D.C., 54 F.Supp. page 350, this District Court, acting through Judge Keeling, refused to grant such an injunction, assigning as his two main reasons for such refusal, first, that because Texas, not being one of those states that has a proprietary interest in the alcoholic beverage business, the regulations, as written, did not apply in this case. The second reason was that the sale by judicial order was, in effect, a judicial sale, to which the regulations as they were written did not apply.

It is admitted that the Texas law provides that such sales as are hereby attempted to be enjoined must be made at public or private sale in such manner as may be deemed best; provided the Board shall exercise diligent effort to obtain the best available price, and that the proceeds of such sale are to go into the State Treasury. Texas Liquor Control Act as amended in 1943; Vernon's Texas Annotated Penal Code, Title 11, Arts. 666—30, 666—42.

The United States Circuit Court, Fifth Circuit, on 146 F.2d 155, 157, speaking through Circuit Judge Sibley, affirmed the judgment of the District Court, and in so doing, held that the sale was in the nature of a judicial sale, and that "Texas is not one of the States that regularly sells liquors as a State monopoly. Its sales are casual and occasional, and always preceded by judicial action. Nor is it really likely that maximum prices will be exceeded, because under the law only licensed liquor dealers may bid, and as they buy for resale under the price controls they cannot afford to bid excess prices. The Administrator can refuse to give them 'mark ups' for a resale price if they do."

After the hearing in the original case, the Administrator of the Office of Price Administration changed the regulations so that liquor sales, even though judicial, were excepted from the type of sales that were not controlled by the O. P. A. regulations. However, assuming that the question of judicial sale has been eliminated, there still remains the important question of whether

or not the O. P. A. rules apply to a state in the exercise of its governmental function, as distinguished from a state acting in its proprietary status. The most that the relator could claim on this point is that the former decision left such question undecided. In view of the fact that this question was squarely raised in the trial court, and passed on directly by Judge Keeling, 54 F.Supp. 350, in which he said "As applied to the State of Texas, the uncontroverted testimony shows that Texas is one of those states in which the sale of alcoholic beverages is through licensed dealers, and is not one of those states that has any proprietary interest in the alcoholic beverage business," it is clear that in such states and in such cases such action was not subject to O. P. A. regulations. Judge Sibley, in the opinion heretofore referred to, said "If the construction be doubtful, we should incline against interference by the federal government with the proper governmental activities of a State."

It therefore follows that, applying the law as set forth in the case of Soundview Pulp Co. v. Taylor, Wash., 150 P.2d 839, which cites State of South Carolina v. United States, 199 U.S. 437, 26 S.Ct. 110, 50 L.Ed. 261, 4 Ann.Cas. 737; Metcalf & Eddy v. Mitchell, 269 U.S. 514, 46 S.Ct. 172, 70 L.Ed. 384; State of Florida v. United States, 282 U.S. 194, 51 S.Ct. 119, 75 L.Ed. 291, I conclude that the injunction sought ought not to be granted, and it is so ordered.