**TIERNEY v. GENERAL EXCHANGE INS. CORPORATION.**

Civ. No. 1389.

District Court, N. D. Texas, Dallas Division.

May 8, 1945.

332

White & Yarborough, of Dallas, Tex., for plaintiff.

William H. Neary, of Dallas, Tex., for defendant.

ATWELL, District Judge.

In May, 1944, the plaintiff purchased a Cadillac automobile for the sum of $3,384, and insured the same against fire, with the defendant. The amount paid for the car was listed in the policy.

On July 10, 1944, the OPA promulgated regulations affecting the "sale" and "delivery" of used cars on a certain 1942 basis.

The automobile, while in excellent condition, was destroyed by fire on August 15, 1944. The OPA regulations fixed the ceiling price of such a car at $1600 without warranty, or, $2,000 with warranty.

The defendant contends that the plaintiff cannot recover an amount in excess of such fixed price.

The policy gives the defendant the right to require the insured to accept replacement. No such offer was made.

There is no provision in the policy which would denominate it a valued contract. There is a provision which provides that the defendant shall be liable to the insured for the value of the property at the time of its loss.

The interesting question, therefore, is, Did the fixing of the ceiling price by the Administrator for one who deals in, or sells used automobiles, fix the value of the car?

We must bear in mind that the War Powers Act, 50 U.S.C.A.Appendix, § 631 et seq., was for the purpose of curbing, lessening and preventing inflation, so far as legislation could or can accomplish that end. In order to make regulations under it legally effective, it was necessary that they should be sufficiently specific to cover the transactions at which they were aimed.

The particular schedules pertinent to this study concern the "sale, or, delivery" of used cars. There is no apparent reasonable stretch of the regulations which would cover an "adjustment for insurance" losses. In truth, there is a phrase in the regulations which excepts such efforts from the regulation. Nor is there anything in the Act or regulations which compels the owner of property to dispose of it. The owner who has paid for an automobile and who does not see fit to "sell" that automobile, or to "deal" in it, ought not to be classified as a "seller" or a "dealer" if and when he seeks pay from an insurance company which has collected a premium from him and agreed to pay him for the fire loss of his property. Such an event does not classify him as either a "seller" or a "dealer." He has not been identified in any of the regulations under the Act, and seems to have been excepted from their operation.

The parties have agreed that if the OPA fixed price does not rule the value, that judgment shall go for the plaintiff for the amount sued for, viz., $3,384, and judgment is accordingly so ordered.