Riley, J.
• The defendant in his Brief states that the case was tried solely on the question of damages. It is an action of tort for the conversion of a Maytag washing machine.
At the trial the defendant admitted the conversion. The plaintiff testified in his own behalf as owner that the machine was a used domestic washing machine, that it was not in working condition at the time of the conversion, and that its fair market value at that time was “$85.00 or more.”
On cross examination the plaintiff said that his testimony was without reference to the ceiling price. The wife of the defendant, who was familiar with washing machines and with the OPA regulations concerning them, testified that the machine was a Class C machine under the OPA regulations and that its fair market value was nothing by reason of those regulations. A copy of Office of Price Administration MPR 372, issued April 26, 1943 was introduced in evidence by the defendant.
*195 The defendant filed a single request for ruling as follows: “Now comes the defendant in the above entitled action and requests the following ruling of law :• The fair market value of the Maytag washing machine referred to in the plaintiff ’s declaration cannot exceed the ceiling price established by the Office of Price Administration, and in view of the prohibition established by the Office of Price Administration against selling used washing machines without guaranty the fair market value cannot exceed a nominal amount.” The Court denied the request stating: “No sale involved. Action for damages”, and found for the plaintiff for $67.50. No memorandum of decision or of findings of fact was filed.
The defendant claims to be aggrieved by the Court’s refusal of the above request.
It is the contention of the defendant, as we understand it, that the Court could not find damages in a greater amount than the ceiling price established by the regulations of the Office of Price Administration. For the purpose of this ease we assume that these regulations are valid. (See Schaffer v. Leimberg, Mass. Adv. Sheets (1945), Page 811.)
We do not think, however, that they absolutely control the question of the value of an article in an action for its conversion.
In Tierney vs. General Exchange Insurance Corporation, 60 F. Supp. 331, a case arising in the United States District Court of Northern Texas, it was held that the owner of an automobile could recover its full value for a loss under a fire insurance policy. The amount was substantially higher than the OPA ceiling prices. The Court ruled that the OPA schedules pertinent to the case concerned only the sale and delivery of used ears and had no application when the owner sought payment for its destruction by fire.
*196 In Fugate vs. State, 158 P. 2d 177, a ease arising in the Criminal'Court of Appeal's in Oklahoma, it was held that the OPA price ceiling was not controlling in establishing the value of property stolen. The Court said:
“The Government’s listing of prices at which tubes and tires will be sold, the maximum, is not for the purpose of ascertaining or determining or stating the value of those things . . . but the purpose is to keep the prices from going up” and,
“The evidence in this case clearly demonstrates that the fair market value of this property is beyond the ceiling price set by the Price Administrator and we do not think that the ceiling price as set by the Price Administrator should be controlling in construing the statute with reference to whether the value of the property is such as to constitute grand or petit larceny. ’ ’
We agree with the reasoning set out in the above cases and find that there was no error in the Judge’s denial of the defendant’s sole request for ruling.
The report is therefore ordered Dismissed.