ZUANICH v. MANUFACTURERS CASUAL-
TY CO. OF PHILADELPHIA, PA.

No. 1416.

District Court, W. D. Washington, N. D.

May 23, 1946.

Jones & Bronson, and H. B. Jones, Jr., all of Seattle, Wash., for plaintiff.

Karr, Karr & Tuttle and Bertil A. Granberg, all of Seattle, Wash., for defendant.

BOWEN, District Judge.

The principal issues to be decided are (1) whether specifications were adopted as part of the boat building contract (made part of the later completion agreement between plaintiff and defendant); (2) whether under the later contract for completion of the vessel by plaintiff after default by the builders, defendant is liable for the lien claims paid by plaintiff which were incurred but not paid by the builders; and (3) whether plaintiff is entitled to recover against defendant for dishes, life rings and radio telephone and direction finder equipment and for certain other items as part of the cost of completion of the vessel.

The Court finds, concludes and decides that as between plaintiff and the defendant bonding company no specifications were agreed upon or included in the completion agreement herein sued upon, which agreement expressly constituted "a full and complete settlement" of all rights and obligations between plaintiff and defendant; that said agreement called for completion of the vessel by plaintiff "in accordance with the contract therefor, between the Owner and the Builders, and the plans (not specifications) for said boat as contained" in the several specified construction agreements; that no specifications were adopted or mentioned in said completion agreement, although the "plans" were; that plaintiff and defendant at no other time and in no other way adopted any specifications; that at best the specifications were in dispute at all times prior to the execution of said completion agreement as shown by the performance bond of August 30,

1944, the letter of the bonding company's agent dated September 8, 1944, and, in the form attached to that letter, the consent of the bonding company to deletion of the words "and specifications" from the performance bond, and as shown by the oral testimony of Mr. Zuanich, given at the trial, which the Court believes, although specifications in some form were contemplated in the builders' contracts of August 28 and September 7, 1944, and April 12, 1945, but the identity of such specifications was not satisfactorily established at the trial.

In view of the clearly established, long continuing dispute between the owner and the builders as to the specifications, it is particularly significant that the completion agreement here sued upon, which was "a full and complete settlement" between plaintiff and defendant and was signed on defendant's behalf by its attorney, made no mention of specifications although "plans," being typical blue prints of boat construction plans and not specifications, were expressly mentioned as a guide to construction completion. As between plaintiff and defendant there were no specifications.

■ The Court further finds, concludes and decides that pursuant to the express provisions of the completion agreement here sued upon plaintiff is entitled to recover against defendant for the sums advanced by plaintiff in payment of the lien claims incurred by the builders before the builders' default; and that defendant neither paid nor purchased nor contested nor otherwise discharged those lien claims as defendant should have done pursuant to the completion agreement, although plaintiff tried without success to get defendant to discharge its contract obligations respecting those lien claims before plaintiff paid them.

■ There being no specifications and no contract provisions to the contrary, the testimony of Mr. Monk, the naval architect, that it was customary in the boat construction business for the owner to furnish radio telephone and direction finder equipment, must be accepted and plaintiff cannot recover against defendant for the cost of such equipment. Likewise, as to the cost of dishes and life rings. These items are not thought by the court to be a part of the vessel "complete in all respects and ready for operation" as called for by the construction agreement of Aug. 28, 1944, adopted by the completion agreement here sued upon, the provisions of which determine defendant's liability in this case.

■ Defendant contends as to certain invoices of Everett Marine Ways paid by plaintiff that to the extent that O.P.A. price ceilings were exceeded no recovery should be allowed plaintiff. But since these items were incurred in the completion by plaintiff of the vessel's construction as a result of the builders' default, and not in the course of an ordinary purchase and sale of a completed vessel nor in the course of a regularly conducted business of the plaintiff, the Court is of the opinion that the O.P.A. ceiling prices do not apply. Anstine v. McWilliams, Wash. 163 P. 2d 816; Tierney v. General Exchange Ins. Corp., D.C., 60 F.Supp. 331, affirmed 5 Cir., 152 F.2d 224; Ross Produce Co. v. Thompson, Iowa, 20 N.W.2d 57; Bowles v. Brannagan, D.C., 60 F. Supp. 897. Besides, such ceiling prices do not apply to the exclusion of reasonable value or cost sought to be recovered pursuant to the defendant's insurance obligation. Here the completion agreement under which plaintiff incurred these completion items and under which agreement he now seeks reimbursement was an agreement whereby defendant promised to repay to plaintiff "the entire full cost of such completion" pursuant to defendant's obligation under its previous builders' performance insurance bond. No deduction, therefore, will be allowed on account of ceiling price excess.

At a further hearing to be had convenient to Court and counsel, the Court will determine the specific items and the specific amounts thereof, not inconsistent with the foregoing, for which recovery will be allowed plaintiff.