## GENERAL EXCHANGE INS. CORPORATION v. TIERNEY.

### No. 11426.

Circuit Court of Appeals, Fifth Circuit.

Dec. 10, 1945.

William H. Neary, of Dallas, Tex., for appellant.

Donald V. Yarborough, of Dallas, Tex., for appellee.

Before SIBLEY, McCORD, and WALLER, Circuit Judges.

McCORD, Circuit Judge.

Don F. Tierney has sued to recover for the loss of his Cadillac automobile, which was insured and which was destroyed by fire. The car was purchased in May, 1944, for the sum of $3,384 and on May 29, 1944, was insured for the purchase price by defendant, General Exchange Insurance Corporation. Forty-two days after the car had been purchased, the Price Administrator placed a maximum ceiling price of $2,000 on the type of automobile so purchased by Tierney.

On August 15, 1944, which was only two and one-half months after plaintiff had purchased the car, and thirty-six days after the ceiling price had been fixed, the automobile was practically destroyed by fire.

There was no decrease in the premium on the policy which the Insurance Company issued after the promulgation by the Price Administrator.

The only question involved in this case is whether the Office of Price Administration Regulation limits Tierney's recovery to the sum of $2,000.

The parties stipulated that the Insurance Company was entitled to a $250 credit for the salvage of the burned car, and $1,296.79 paid by Insurance Company to the holder of a mortgage on the car, aggregating

$1,546.79. It is without dispute that Tierney paid an insurance premium on the car in question upon the amount stated in the policy, of $3,384.

The parties have further agreed by stipulation that the court could enter judgment for the sum of $3,384, less credit of $1,546.79, if Tierney was not limited to his recovery by the regulation.

All the facts were stipulated except the testimony of Tierney, wherein he testified that the car was in "A-1" condition throughout at the time of the fire; that he agreed to accept another car of like kind and quality, but the Insurance Company was not successful in procuring for him another Cadillac automobile, and he was never notified that they had another car of like kind and quality for him; that he was a traveling salesman, and after waiting a reasonable time, bought another car of a different make.

■ The War Powers Act, 50 U.S.C.A. Appendix § 631 et seq., was for the purpose of curbing and preventing inflation. To accomplish such purpose it fixed a ceiling price on the class of cars here under consideration of $2,000 for purchase or sale. It nowhere attempts to regulate or control adjustments for insurance loss. Moreover, it does not attempt to measure or fix value in setting up a price to be paid when such cars are bought and sold. Tierney was a traveling man, and his car was not for sale; and the regulations do not compel him to dispose of his automobile. He was not in the business of "selling" or "dealing" in automobiles, and the Act does not classify him as such. He has not been identified in any of the regulations under the Act, and we are of opinion that he has been exempted and excepted from its operation. The promulgation by the Price Administrator on July 10, 1944, was designated as Regulation MPR 540 and is as follows:

"(c) 'Sale' includes sales, dispositions, exchanges, and other transfers and contracts and offers to do any of the foregoing. It includes conditional sales and sales under rental contracts, lease agreements or other agreements. It also includes transfers by banks, finance companies, or other persons discounting promissory notes following the taking of possession by such persons upon default of the person making such promissory notes. The term 'sale' does not refer to the adjustment of losses made in connection with settlements of claims under policies of insurance against fire, theft, collision, other loss of property or other coverage, even though the right of subrogation may be involved. The terms 'sale,' 'seller,' 'selling,' 'purchase,' 'purchaser,' and 'purchasing' shall be construed accordingly."

■ The ceiling price fixed by the Office of Price Administration and which has just been adverted to, is not controlling in this case. Fugate v. State, Okl.Cr.App., 158 P.2d 177, 157 A.L.R. 1299; Bowles v. Texas Liquor Board, 5 Cir., 146 F.2d 155; Trial Court's opinion, 60 F.Supp. 331.

We find no reversible error in the record, and the judgment is affirmed.