## CREEDON v. RANDOLPH.
### No. 12094.

Circuit Court of Appeals, Fifth Circuit.
Jan. 20, 1948.

Nathan Siegel, of Washington, D. C., Sp. Appellate Atty., Office of Housing Expediter for appellant.

No appearance was entered for the appellee.

Before SIBLEY, HOLMES, and WALLER, Circuit Judges.

SIBLEY, Circuit Judge.

The Administrator of Price Controls, represented now by a successor, on Jan. 11, 1947, filed in the district court a complaint against Mrs. Ethel Randolph expressly under Sect. 205(a) of the Price Control Act, 56 Stat. 23,[1] and Rent Regulation for Housing, 8 F.R. 7322, alleging that Mrs. Randolph as landlord had rented to Mrs. Grace Meckenberg as tenant certain housing accommodations in St. Petersburg, Florida, and collected from her $385.00 as rent from about Feb. 1, 1945, to May 1, 1945, though the maximum for the period of time fixed under the Regulation was $225, thereby making an overcharge of $160, which had not been refunded. The prayer was for process and "that the defendant be ordered and directed to return * * * all amounts in excess of the maximum rents established by the Act and Regulations issued thereunder which were received from tenants as rent for the use and occupancy of the housing accommodations described in the complaint since the date maximum rates were established therefor by said Regulation; and for such other, further, and different relief as plaintiff may be justly entitled to".

Service was made, and no appearance or answer was filed for the defendant. The case was taken up before the judge on May

[1] 50 U.S.C.A.Appendix, § 901 et seq., and § 925.

9, 1947. Counsel for plaintiff stated: "A motion has been made in this case for default, and there is an injunction proceeding asking for restitution to [by] the defendant in the amount of $160." The report of the proceedings shows great informality, and consists mostly of statements of the facts by plaintiff's counsel and the presentation of letters and other papers not formally identified but admitted in evidence. Counsel stated that the overcharged tenant was not available, but "I can prove the amount of the overcharge by placing the defendant on the stand and identifying the documents and correspondence." We assume the defendant was present, but she was not put on the stand. The counsel also stated there was considerable correspondence between lawyers, and that defendant's lawyer stated "he would let the case go by default", and again that "he asked to be allowed to pay this in installments", but it seemed "there wasn't any way to force payments in installments". There was formal proof, at the request of the judge, of the maximum rent for this property of $18 per week. At the conclusion of this informal hearing the judge said: "I will take this case under advisement. If there is any legal justification I can find for entering judgment according to the prayer of the complaint I will do so, but I have got to find it first." A few days later he filed a memorandum decision finding that the defendant had rented the premises to Mrs. Meckenberg for three months for $385; that long after the statute of limitations had barred the right of tenant or administrator to institute suit for recovery of the overcharge under Sect. 205(e) of the Act, this suit was brought by the Administrator under Sect. 205(a), praying refund; and that "No other equitable relief is sought by the complaint. Defendant filed no answer or other pleading in this case and a judgment by default has been entered against her". After a discussion of authorities he concluded: "Here no equitable relief is sought. The act complained of was committed long ago, and no threatened present or future violations of the Act are charged in the complaint. There is therefore no legal basis for this court to exercise the traditional equity powers and in so doing order restitution of the alleged overcharge. A judgment will be accordingly entered for the defendant." And it was entered. This appeal followed.

Appellant earnestly contends that this case is wrongly decided, and will serve as a bad precedent and impede enforcement of the Act if it stands. We have no assistance from the appellee. We have had to state in detail what the record shows to explain what was decided and why. We cannot affirm the judgment as being correct because of a want of formal proof, since the case was in default and so adjudged in the memorandum decision. The hearing must be considered not as a trial but as an enquiry before the judge after default under the provision of Federal Rules of Civil Procedure, rule 55(b) (2), 28 U.S.C.A. following section 723c, which authorizes the court to "conduct such hearings or order such references as it deems necessary and proper". The result of it was that the court recognized the default, was satisfied about the overcharge, but did not think there was "any legal basis for this court to exercise the traditional equity powers and in so doing order restitution of the alleged overcharge."

In this we think there was error. The powers invoked were not precisely the ordinary equity powers, but those established by Sect. 205(a) of the Act. The plaintiff was not the tenant, nor was the Administrator proceeding in right of the tenant under Sect. 205(e), which would include treble damages. The remedies under that section were barred. The remedy invoked under Sec. 205(a) appertains only to the Administrator as the representative of the Government in the enforcement of this law. That to require restitution of overcharges tends to enforce the law prohibiting them no one would deny. That it operates to confer a benefit on the tenant, who has not seen fit to act in her own behalf, does not detract at all from the enforcement effect nor alter its nature. Here the Administrator did not ask for a prohibitory injunction against future violations, and probably would not have gotten it if he had. He asked for an order of restitution, which if granted would be in its nature a mandatory injunction. It would resemble an order in

920

bankruptcy to turn over property of the bankrupt to his trustee, or a decree enforcing an order of the National Labor Relations Board to make reparation for an unfair labor practice. It is a remedy which may be had in addition to the others set up in the Act, and an order of restitution may be granted with or without a prohibitory injunction. We find this view of the law abundantly sustained by the majority opinion and the decision of the court in Porter, Adm'r v. Warner Holding Co., 328 U.S. 395, 66 S.Ct. 1086, 1091, 90 L.Ed. 1332.

In that case there was a reversal, and a remand to the district court "So that it may exercise the discretion that belongs to it". We think that a proper disposition of this case. The district court may probably set aside the default, if an entry of it has been formally made, under Rule of Civil Procedure 55(c) and make any further inquiry that may appear desirable. The judgment is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.