**HEINICKE v. PARR et al.**

No. 10600.

Circuit Court of Appeals, Sixth Circuit.

May 24, 1948.

Milton J. Rappoport, of Cincinnati, Ohio (Milton J. Rappoport, of Rappoport & Rappoport, all of Cincinnati, Ohio, on the brief), for appellant.

John B. Freiden and James L. Elder, both of Cincinnati, Ohio (John B. Freiden, of Cincinnati, Ohio, on the brief), for appellees.

Before HICKS, SIMONS, and MARTIN, Circuit Judges.

MARTIN, Circuit Judge.

The appellant, a veteran of World War II, brought a civil action in the District Court for Southern Ohio against the four appellees, who successfully moved to dismiss on the ground that the complaint failed to state a claim against them upon which relief could be granted. The amended complaint which was dismissed averred

that the action arises under the Second War Powers Act, as amended, and that jurisdiction of the cause is vested in the United States District Court by section 633, 50 U.S.C.A. Appendix, subsection 2(a)(6) of the Act.

The amended complaint alleged that, pursuant to the Second War Powers Act, the Civilian Production Administration issued Priorities Regulation 33, which provides for the granting of priority assistance to builders of houses for veterans of the recent war and restricts the builder and any other person from selling a one-family dwelling unit built under the regulation for more than the maximum sales price specified in the approved application for priority assistance, plus normal and customary brokerage fees actually paid for services rendered on sales after the sale by the builder.

It appears from the complaint that Bufler and Parr were partners in the business of building and selling houses. On January 18, 1946, Bufler applied for priorities assistance under the Civilian Production Administration's Priorities Regulation to build 50 houses in North College Hill, Hamilton County, Ohio. On January 22, 1946, the application was approved for 10 units, with a maximum sales price of $8,250 each, issued under Project Serial Number 6-046-0005. Eleven days later, these contractors, Bufler and Parr, obtained a permit from the City of North College Hill to build a one-family dwelling at 2002 Van Zandt Road in North College Hill, and built there a one-family dwelling "of substantially the same construction as the houses for which they received priorities assistance" under the aforementioned Project Number.

Appellant's complaint declared that Bufler and Parr filed no application and received no priority for building the dwelling at 2002 Van Zandt Road; but, in constructing it, used building materials acquired by or for them under Priority No. 6-046-0005. The builders, Bufler and Parr, sold this dwelling for $9,500 on June 6, 1946, to the appellee, Mary K. McKnight. On August 21, 1946, she sold it for $11,000 to the appellee, Roberta S. Hahn, who, in turn on October 22, 1947, sold the one-family dwelling to the veteran appellant for $12,500.

In the prayer of the complaint, appellant asked that an order be entered holding that the maximum sales price of $8,250 be applied to the house purchased by him, for the reason that the building was done with materials acquired under a priority which established that price, the house being of substantially the same construction as the houses built under priority. The appellant prayed further for a mandatory injunction requiring the defendants, "in the proportions and order in which their respective obligations may appear," to refund to him $4,250, less normal and customary brokerage fees, if any, paid on the respective sales by Mary K. McKnight and Roberta S. Hahn, with legal interest from October 22, 1946. The amended complaint concluded with a prayer for the allowance of reasonable attorney's fees and costs.

In its order dismissing the amended complaint, the District Court held that it lacked jurisdiction "to entertain this action for damages, first, because the Amended Complaint admits that the defendants Joseph Parr and Merle Bufler did not file an application for or receive a priority to build the dwelling described in the Amended Complaint, as required by Priorities Regulation No. 33 of the Civilian Production Administration, and second, the Second War Powers Act and said Priorities Regulation No. 33 provide for punishment by fine or imprisonment only for a violation of said regulation."

We are not in accord with the reasoning of the District Court. In express terms, the Second War Powers Act provides: "The district courts of the United States * * * shall have jurisdiction of violations of this subsection (a) or any rule, regulation, or order or subpena thereunder, whether heretofore or hereafter issued, and of all civil actions under this subsection (a) to enforce any liability or duty created by, or to enjoin any violation of, this subsection (a) or any rule, regulation, order, or subpena thereunder whether heretofore or hereafter issued. Any criminal proceeding on account of any such violation may be brought in any district in which any act,

failure to act, or transaction constituting the violation occurred. Any such civil action may be brought in any such district or in the district in which the defendant resides or transacts business. * * *" U.S.C.A., Title 50 Appendix, section 633, subsection 2(a) (6). This subsection provides further for the service of process in both criminal and civil cases.

■ Certainly, from the language of the Act, Congress contemplated that enforcement of its provisions was not limited to resort to criminal proceedings, for the district courts were vested with express jurisdiction of all *civil actions* to enforce any liability or duty created under the Act, and with jurisdiction to enjoin any violation thereof, or the violation of any rule, regulation, or order promulgated thereunder.

Priorities Regulation 33, relied upon in the Amended Complaint, provides, inter alia: "No other person shall sell a one-family dwelling built or converted under this section, including the land and all improvements, for more than the maximum sales price specified in the application as approved, plus the amount of any normal and customary brokerage fees or commissions actually paid for services which have been rendered in connection with the sale being made, whether paid by the seller or the purchaser, plus normal and customary brokerage fees actually paid for services rendered in connection with previous sales of the dwelling (after the sale by the builder) whether paid by previous sellers or purchasers." Code of Federal Regulations (Supp.1946), Title 32, Ch. IX, sec. 944.54 (g) (2) (iii).

Appellees contend that the Act of Congress, itself, creates no civil right of action, but simply gives the federal courts jurisdiction where an administrative regulation, promulgated pursuant to the Act, authorizes such action, which Priorities Regulation 33 does not do; and that neither the Act nor the Regulation gives a private purchaser, though a veteran, the right to recover a money judgment for a violation of the provisions of the Regulation. It is pointed out that the Act of Congress provides specific criminal penalties for violation of any regulation issued pursuant to the Act, and that Priorities Regulation 33 provides only that any person who wilfully violates any of its provisions is guilty of a crime for which he may be punished by fine or imprisonment. The point is stressed that no provision is made for a civil remedy; and that statutory remedial causes of action do not rise by implication from a criminal penalty.

■ It cannot reasonably be gainsaid that, in inaugurating the veterans' housing program, Congress intended to extend to veterans actual aid and real priority in the acquisition of habitable abodes. To effectuate this purpose, priority regulations were lawfully promulgated by an administrative branch of the Government, permitting the priority purchases of building materials under specified conditions by persons engaged in building construction, provided such materials were used in bona fide building of residences for veterans to be sold them at fixed ceiling prices. It is immediately apparent that criminal punishment, alone, of violators of the priority regulations would supply no actual aid to a veteran who purchased a home at a cost above the ceiling price. The veteran's only adequate remedy would be recovery of the excess amount paid by him over the ceiling price. The Act of Congress, itself, seems meaningful of a civil remedy to be accorded the veteran, in that civil actions are expressly provided for to enforce any liability or duty created by any existing or future regulation promulgated pursuant to the Act. Injunctive relief against violation is also extended by the Act. The mere omission from the Act of Congress and from the regulation of the specific remedy for recovery of the excess price does not restrict the United States Courts from affording equitable relief, where no adequate remedy is directly provided by law.

This case is not dissimilar in principle to Bowles v. Skaggs, 6 Cir., 151 F.2d 817, 820, 821, wherein the O. P. A. Administrator sought an order requiring the refund to the purchaser of an overcharge in the sale to him of a used electric refrigerator. This court reversed the judgment of the district court dismissing the complaint, and remanded the cause for trial. We reiterate what Judge Simons there said: "It is

undoubtedly within the power of equity courts to mould their remedies to the needs of particular situations, and nothing in the section [of the Emergency Price Control Act of 1942, 50 U.S.C.A. Appendix, § 925] indicates the intent of the Congress to restrict such powers. Injunctions are, of course, most commonly prohibitory, and such injunctions operate in futuro, but equity courts have, from early times, when equitable considerations have required the restoration of a status quo, issued mandatory injunctions or granted other affirmative relief responsive to the needs of parties invoking equity. Certainly the public interest involved does not compel a limitation upon the normal and historical power of equity. Hecht Co. v. Bowles, Adm'r, 321 U.S. 321, 64 S.Ct. 587, 88 L.Ed. 754. * * * It must be remembered that the orders of regulatory bodies are in the public interest—they are not in the nature of suits at common law and frequently authorize remedies in derogation of the common law."

In Porter v. Warner Co., 328 U.S. 395, 398, 399, 400, 66 S.Ct. 1086, 90 L.Ed. 1332, certiorari was granted because the result reached there by the Eighth Circuit Court of Appeals conflicted with that reached by this court in Bowles v. Skaggs, supra, and because of the obvious importance of the issue in the administration and enforcement of the Emergency Price Control Act, 50 U.S.C.A. Appendix § 901 et seq. The decision and reasoning of this court was approved by the Supreme Court, which pointed out in its opinion that the comprehensiveness of equity jurisdiction is not to be denied or limited in the absence of a clear and valid legislative command; and that unless a statute in so many words or by necessary and inescapable inference restricts the court's jurisdiction in equity, the full scope of that jurisdiction should be recognized and applied. It was further declared that nothing is more clearly a part of the subject matter of an injunction suit than recovery of that which has been illegally acquired and which has necessitated injunctive relief. The Supreme Court asserted, moreover, that the problem of formulating compliance orders has been left to judicial processes of adapting appropriate equitable remedies to specific situations, where a statute makes no attempt to catalogue the infinite forms and variations which such orders may take; and that, with respect to the Emergency Price Control Act, inherent equitable jurisdiction authorizes a court in its discretion to decree restitution of excess charges in order to give effect to the policy of Congress. Clearly, like equitable jurisdiction is inherent here. Compare Walling v. O'Grady, 2 Cir., 146 F.2d 422, 423.

It seems tenuous to contend, as appellees do, that Priority Regulation 33 has no applicability for the reason that Bufler and Parr filed no application for and received no priority assistance for the erection of the one-family dwelling ultimately purchased by the veteran appellant. Were the contention sound, a builder could, without liability or penalty, obtain priority materials for veteran houses and deliberately divert them to other projects, with the result that veterans would be deprived of the benefits conferred upon them by Congress in the enactment of the veterans' housing program.

Appellees McKnight and Hahn advance the additional argument that, in the absence of any allegation that either of them had knowledge or notice that the contractors had diverted priority-acquired building materials to the construction of the residence at 2002 Van Zandt Road, purchased and resold by each of them respectively, no equitable basis exists for the imposition of a ceiling price pursuant to Regulation 33 insofar as they are affected. This defense rests primarily upon an issue of fact. In the present state of the record, revealing only the allegations of the amended complaint which must be accepted as true, this court will not assume that either McKnight or Hahn did or did not have knowledge or receive notice of the fact, if it be a fact, that the contractors had diverted building materials to the construction of the residence eventually purchased by the veteran appellant at a cost more than fifty percent in excess of the ceiling price. The separate defenses of appellees McKnight and Hahn may be presented and considered upon evidence adduced at the trial.

Of course, upon retrial, the burden will rest upon appellant to show, as alleged in his complaint, that appellees Bufler and Parr did, as a matter of fact, use building materials acquired by them under Project Serial No. 6-046-0005 to build the residence which he bought. Should the appellant carry this burden, he will be entitled to receive, either from the contractors, or partly from the contractors and partly from appellees McKnight and Hahn, an award of the difference between the ceiling price of $8,250 and the price of $12,500, which he paid for the dwelling. If McKnight and Hahn are found not to be liable upon the facts developed at the trial, the entire award, if any, should go against the appellees Bufler and Parr, if it be shown that they diverted the building materials in the manner alleged in the amended complaint.

The order of the district court dismissing the amended complaint is reversed and the cause is remanded for trial.