480

### KEELE v. HOLT et al.

No. 12327.

United States Court of Appeals
Fifth Circuit.

Dec. 17, 1948.

Norman R. Crozier, Jr., of Dallas, Tex., for appellant.

Theodore E. Frossard and Marvin S. Sprain, both of Dallas, Tex., for appellees.

Before HUTCHESON, SIBLEY, and MCCORD, Circuit Judges.

HUTCHESON, Circuit Judge.

Five veterans of World War II, invoking the provisions of the Second War Powers Act,[1] brought this suit for restitution of amounts claimed to be due them for violations of Sec. 944.54(a), Priorities Regulation 33.[2]

The claim was that defendant having secured priority authority and assistance in constructing houses on named lots, had sold them to plaintiffs for sums in excess of $7200, the fixed maximum selling price,

---

[1] Sec. 633, Subsec. 2(a), (6), 50 U.S. C.A.Appendix.

[2] Section 944.54, paragraph (a) of Priorities Regulation 33 provides in part as follows: "What this regulation does" "This regulation sets up the Reconversion Housing Program of the Civilian Production Administration. It is designed to assist private builders * * * to build moderate cost housing accommodations to which veterans of World War II be given preference, by giving an HH rating for certain building materials for the construction. The regulation describes the methods of applying for the HH rating * * * the circumstances under which the rating will be assigned * * * and the conditions imposed on the builder and succeeding owners in selling or renting accommodations."

Some of the conditions imposed on the builder and seller are set forth in paragraphs (g) and (e) as follows:

"(ii) A builder must not sell a one family dwelling built * * * under the Reconversion Housing Program including the land and all improvements (including garage if provided) for more than a maximum sales price specified in the application * * *."

"Construction of the project. A builder who constructs * * * housing accommodations under this regulation must do the work in accordance with the description given in the application, except where he has obtained written approval for a change from the agency which approved the original application."

and also had failed to construct the houses as required by the regulation.

The defenses were: (1) want of jurisdiction; (2) laches and limitation in that the suit was not brought within the one year fixed by Priorities Regulation 33, as amended on August 27, 1946; (3) a denial that the houses were constructed and sold under the Priorities Regulation; (4) an affirmative plea that the houses were sold on contracts made under and in accordance with the Servicemen's Readjustment Act of 1944, 38 U.S.C.A. § 693 et seq., and for prices not in excess of the reasonable value thereof as determined by appraisements under that act; and (5) that since plaintiffs are suing in equity for restitution, defendant tenders back to each plaintiff the full amount paid by him and demands a deed back.

At the trial plaintiffs, proving that $7200 was the maximum price, and that defendant had charged more, offered evidence tending to show that the houses were built with priority authority and assistance. They also offered evidence on the other tendered issue, the failure of the houses to conform to required specifications.

The defendant offered the written contracts under which the houses were sold, each of which fixed the price actually charged. Admitting that he had applied for and obtained a priorities order, defendant denied that he had used it in building the houses in question. He proved, too, that the houses had been approved for G. I. loans as worth the sums charged for them.

The district judge finding that the defendant had built the houses with the aid of priorities accorded him under Priorities Regulation 33, and that plaintiffs should have restitution for all amounts charged over $7200, the ceiling price, gave judgment accordingly. He, however, denied recovery on account of the claimed deficiencies in the houses.

Defendant alone appealing is here insisting that the judgment may not stand because the court was without jurisdiction, because the suit was brought too late, and because, on the merits, the case was not made out.

■ We cannot agree. We think the plain terms of the invoked statute [3] completely answer appellant's claim of no jurisdiction. The statute in part provides that the district court "shall have jurisdiction * * * of all civil actions under this subsection (a) to enforce any liability or duty created by, or to enjoin any violation of [it], or any rule, regulation, order, or subpoena thereunder" (emphasis supplied). The Sixth Circuit Court of Appeals in Heinicke v. Parr, 168 F.2d 194, has, in a well reasoned opinion, with which we agree, expressly so held. Cf. Creedon v. Randolph, 5 Cir., 165 F.2d 918; Bowles v. Skaggs, 6 Cir., 151 F.2d 817; Porter v. Warner Holding Co., 328 U.S. 395, 66 S.Ct. 1086, 90 L.Ed. 1332.

■ On the point that the suit was filed too late because not filed within the one year fixed in Regulation 5, we agree with appellees that the invoked limitation does not apply to this claim. The houses in question were built under The Second War Powers Act and Priorities Regulation #33. The invoked limitation was imposed in respect of and as applicable to houses built under the Veterans Emergency Housing Act of 1946, 50 U.S.C.A.Appendix, § 1821 et seq. This act was not in effect when defendant applied for and received priority assistance in February, 1946, under Priorities Regulation #33, or when the houses were built and the deeds given. The limitation on suits imposed by Housing Expediter Priorities Regulation #5 was not

[3] "The district courts of the United States * * * shall have jurisdiction of violations of this subsection (a) or any rule, regulation, or order or subpoena thereunder, whether heretofore or hereafter issued, and of all civil actions under this subsection (a) to enforce any liability or duty created by, or to enjoin any violation of, this subsection (a) or any rule, regulation, order or, subpoena thereunder whether heretofore or hereafter issued. Any criminal proceeding on account of any such violation may be brought in any district in which any act, failure to act, or transaction constituting the violation occurred. Any such civil action may be brought in any such district or in the district in which the defendant resides or transacts business." Note 1, supra.

482

made retroactive. It was not intended to, it does not, apply to suits on causes of action which had already accrued.

Appellant's claim on the merits, that the houses were not built under Priorities Regulation #33 or with priorities assistance, but were built in accordance with the Veterans Housing Program as set out in the Servicemen's Readjustment Act of 1944, presents merely a question of fact. This question on evidence supporting his finding, the district judge has answered against appellant. We can not on the record say that the finding was clearly erroneous. We must, therefore, let it stand.

The judgment was right. It is affirmed.