### KEELE v. UNITED STATES et al.
#### No. 12659.

United States Court of Appeals
Fifth Circuit.

Jan. 6, 1950.

Norman R. Crozier, Jr., Dallas, Texas, for appellant.

H. G. Morrison, Asst. Atty. Gen., Frank Potter, U. S. Atty., Fort Worth, Texas, Philip W. Yager, Sp. Asst. to Atty. Gen., William Cantrell, Jr., Asst. U. S. Atty., Dallas, Texas, and Ed Dupree, Gen. Counsel, Hugo V. Prucha, Asst. Gen. Counsel, and Hilburt Slosberg, Sp. Litigation Atty., Washington, D. C., for appellee.

Before HUTCHESON and RUSSELL, Circuit Judges, and DOOLEY, District Judge.

RUSSELL, Circuit Judge.

In this action the United States of America and Tighe E. Woods, as Housing Expediter, as joint complainants, sought to require restitution from the defendant of the amount charged purchasers of houses in excess of the lawfully permitted purchase price. Complainants sought "to enforce compliance with the Veterans' Emergency Housing Act of 1946 as amended, Public Law 388, 79th Congress, the Housing and Rent Act of 1947, as amended, Public Law 129, 80th Congress, 50 U.S.C.A. Appendix, § 1881 et seq., the Second War Powers Act, as amended, 56 Stat. 176, 50 U.S.C.A.Appendix, § 631 et seq, and regulations issued under and pursuant to said acts." The complaint sought restitution to six purchasers. One transaction was withdrawn from the pleading by the complainants and after trial restitution was denied to two purchasers and ordered as to three in the aggregate sum of $1,840. As to these three, the violation related to a grant of priority assistance for the construction of the dwellings in question pursuant to Pri-

orities Regulation 33,[1] granted on March 1, 1946, prior to the enactment of the Veterans' Emergency Housing Act of 1946,[2] on May 22, 1946. The other sales are alleged to have violated the priorities assistance granted under said Priorities Regulation 33 subsequent to the Veterans' Housing Act of 1946, supra. Defendant moved to dismiss the complaint on the grounds that there was a misjoinder of parties plaintiff; that there was no authority of law for the United States to enforce a civil action under the Second War Powers Act or any regulations issued pursuant thereto; and that the Housing Expediter has no duty of enforcing the provisions of Priorities Regulation 33; and that there is no authority in law for him to bring the present action. The motion to dismiss was overruled.

Appellant by his specification of errors here asserts that the trial Court erred in rendering judgment for the complainants because they are not the real parties at interest and the action is brought for the benefit of third parties in the absence of a statute especially authorizing the proceeding, and that therefore the Court erred in overruling the motions to dismiss asserting these grounds. He further contends that the judgment was erroneous because it was not proved by substantial evidence that the priorities assistance was used in the construction of the houses; and further assigns error on the refusal of the Court to allow introduction in evidence of the local building permits for the construction of the houses in question, by which he sought to show that construction was not begun within the 90 days from the issuance of the priority as required by Regulation 33.

■ It has been held by this Court in Keele v. Holt, 5 Cir., 171 F.2d 480, that the provisions of subsection 2(a) (6) of the Second War Powers Act[3] provide jurisdiction in the United States District Courts to hear and determine suits seeking restitution of amounts due as overcharges made in violation of Priorities Regulation 33. The provisions of Priorities Regulation 33 are set forth in the footnotes to that case and need not be repeated here. Therefore the question remaining for present decision is whether, jurisdiction in such cases being established as to suits by the purchaser, the United States of America may proceed to secure restitution for a purchaser when such purchaser fails to proceed to enforce his rights provided by the statutes and the regulation. In the light of the expressed and manifest purpose of the statute and regulation, we think that the Government is clearly entitled to so proceed. While it is true that the regulation, issued pursuant to the statute, has as one of its purposes the grant of aid to veterans in the acquisition of homes, at fixed ceiling prices,[4] it is plain that there is a paramount public and governmental interest which underlies this entire housing program. In carrying the program into effect, the Congress established a system of priorities which was made effectual by the provisions of Priorities Regulation 33, and of course with the enforcement of its provisions the Government is vitally and primarily concerned. So much concerned, indeed, that criminal sanctions are provided.[5] In these circumstances, the Government is not restricted to the employment of the criminal provisions of the statute and may proceed by any appropriate means authorized by law to enforce compliance with the law. As said in a somewhat analogous case,[6] "That to require restitution of overcharges tends to enforce the law prohibiting them no one would

1. 10 F.R. 15301; 11 F.R. 601.

2. 50 U.S.C.A.Appendix, § 1821 et seq.

3. "The district courts of the United States * * * shall have jurisdiction of violations of this subsection (a) or any rule, regulation, or order or subpoena thereunder, whether heretofore or hereafter issued, and of all civil actions under this subsection (a) to enforce any liability or duty created by, or to enjoin any violation of, this subsection (a) or any rule, regulation, order, or subpoena thereunder whether heretofore or hereafter issued." 50 U.S.C.A.Appendix, § 633 (a) (6).

4. Heinicke v. Parr, 6 Cir., 168 F.2d 194, 196.

5. United States v. Alterman, D.C., 70 F. Supp. 734.

6. Creedon v. Randolph, 5 Cir., 165 F.2d 918, 919.

deny." Under the procedure established by the regulation, as well as by the express terms of the application for the priority assistance, and which was introduced in evidence in this case, the defendant agrees to abide by the terms of Priorities Regulation 33, and this transaction and agreement, which is the foundation of the right to secure material for, and the construction of, the house, is had with the Agency maintained by the Government. It cannot be contended, with reason, that the United States of America is not a real party at interest and as such authorized to maintain a suit such as the present. If it be assumed that as to matters occurring prior to the passage of the Veterans' Emergency Housing Act of 1946,[7] the Housing Expediter is not a proper party, nevertheless no prejudice is shown to result from his joinder in this action, which also sought to enforce liabilities as to other transactions subsequent to the effective date of the Act. As to these, he was expressly charged to protect and enforce the interest of his Sovereign principal.

█ There is evidence of the installation in the houses in question of plumbing equipment purchased under authority of the priority assistance granted the defendant. The defendant denies its probative effect, but under the circumstances here we need not determine the weight of this evidence. The defendant applied for and obtained priority assistance to construct the houses, and agreed to assume the obligations of Priorities Regulation 33. He thereby obtained authority which enabled him to avoid the prohibition against construction not so authorized. The houses were thereafter built on the specified lots. Having obtained the requested authority and proceeded thereunder, the defendant cannot now rely upon his asserted illegal acts in constructing the houses by the use of materials illegally obtained, or under authority which had expired by lapse of time, as a defense to this proceeding in equity. Also, for this reason the ruling of the Court

rejecting the municipal building permits as evidence was not prejudicial.

The judgment of the Court is supported by the law and the facts, and is

Affirmed.