**SEDIVY et al. v. SUPERIOR HOME BUILDERS, Inc. et al.**

**No. 10298.**

United States Court of Appeals
Seventh Circuit.

Heard April 13, 1951.

Decided April 27, 1951.

James Paul DeLaney, Chicago, Ill., for appellant.

Morris D. Spiegel, Isadore Fishman, Chicago, Ill., for appellee.

Before MAJOR, Chief Judge, KERNER and SWAIM, Circuit Judges.

MAJOR, Chief Judge.

Two complaints were filed, each by a number of plaintiffs as purchasers from the defendants of family dwelling units built under Priorities Regulation 33 (11 F.R. 4085), in which a mandatory injunction was sought, requiring defendants to make restitution to each of the plaintiffs for sums allegedly paid in excess of the approved maximum sales price. Defendants moved to dismiss each of the complaints for failure to state a cause of action. Such motions having raised the same questions as to each complaint, the causes were consolidated. After hearing, the court by its order of September 19, 1950 allowed the motions to dismiss, and it is from this order the appeal comes to this court.

We find it difficult to ascertain either from the complaints or the brief filed in this court the theory upon which plaintiffs seek to maintain their actions. While numerous Acts, Regulations and Executive

Orders are referred to in the complaints, it is alleged in each of them, "Plaintiffs bring this action to enforce compliance with the Veterans Emergency Housing Act of 1946 and the regulations issued thereunder," and that "Sec. 944.5 (G) of said Priorities Regulation 33 provides that no person may sell any dwelling built under said regulation for more than the approved maximum sales price." It is further alleged, "Pursuant to the provisions of Priorities Regulation 33, the defendants or some of them applied for and received authorization and priorities assistance for the construction of certain dwellings including the units designated herein below, which were subject to the maximum sales price listed below * * *." Then follows a listing (in the two complaints) of thirty-seven properties, together with what is designated as the "Maximum Sales Price" for each.

There follows an allegation as to each piece of property thus listed, all of which are substantially the same except as to address, date of sale, name of purchaser and amount paid in excess of the approved maximum. One of such allegations, typical as to all, is: "On or about December 26th, 1947 the defendants sold to the plaintiffs Edward B. and Lois E. Hendley the dwelling located at 3638 W. 87th Street, Chicago, for a sale price of $14,550; the maximum sales price for the said property being $11,-000; said sale being in direct violation of the said act and regulation in that the said sale was for a price $3550 in excess of the approved maximum sales price."

While the complaints allege that the priorities assistance was obtained pursuant to the provisions of Regulation 33, there is no allegation as to the date when such assistance was received. The Veterans Emergency Housing Act of 1946, 50 U.S.C.A. Appendix, § 1821 et seq. (hereinafter referred to as the 1946 Act), upon which plaintiffs predicate their right to restitution, became effective May 22, 1946, and was repealed June 30, 1947, by the terms of the Housing and Rent Act of 1947, 50 U.S.C.A.Appendix, § 1881 et seq. (hereinafter referred to as the 1947 Act), which became effective on that date. Of the thirty-seven sales listed and relied upon in the two complaints, six were made between May 22, 1946 and June 30, 1947 (the effective period of the 1946 Act), and thirty-one subsequent to June 30, 1947 (during the effective period of the 1947 Act). Of these latter sales, twenty-two were made subsequent to January 1, 1948, the latest of which was made March 29, 1949. The instant actions were commenced on March 23, 1950 and May 1, 1950, respectively.

The District Court, relying upon the allegation of the complaint that the actions were brought pursuant to the provisions of the 1946 Act, allowed the motions to dismiss on the ground "that said actions were not brought within one year from the date of the sales," as provided in said Act.

It would appear fair to plaintiffs to quote from their brief the theory upon which they predicate their rights to restitution. As to the six sales made prior to June 30, 1947, plaintiffs state, "It is of course readily apparent that the duty upon the builder to sell at the ceiling price, and the corresponding liability to a purchaser for any overceiling sale was established by the Second War Powers Act and Priorities Regulation 33; this was strengthened by the provisions of the 1946 Act that no house completed after the date of this Act could be sold at a price in excess of the ceiling price, and the further provision granting to a purchaser who has been charged an overceiling price his right of action as under the previous statute plus attorneys' fees and court costs."

Section 7(d) of the 1946 Act provides: "If any person selling housing accommodations violates a regulation or order prescribing a maximum selling price, the person who buys such housing accommodations may, within one year from the date of the occurrence of the violation, bring an action for the amount by which the consideration exceeded the maximum selling price, plus reasonable attorney's fees and costs as determined by the court." Regulation 33, which was first promulgated under the Second War Powers Act, as amended, 50 U.S.C.A.Appendix, § 633, appears to have been extended under and by the authority contained in the 1946 Act. Whether there was any right conferred by the Second War

Powers Act or by Regulation 33 promulgated thereunder, by which an aggrieved purchaser might recover for an overcharge need not be decided in this case. Certainly no express right was conferred, although it was held in Keele v. Holt, 5 Cir., 171 F.2d 480, 481, that such right existed. Assuming that such right existed, no limitation period was fixed for the commencement of an action.

■ Whatever might have been the rights of an aggrieved purchaser under the Second War Powers Act, it was, so we think, superseded and supplanted by the Act of 1946. Thus, in Keele v. Holt, supra, the suit was predicated upon the Second War Powers Act and the court held (page 481) that the limitation period provided in the 1946 Act and Regulation 5 promulgated pursuant thereto was not applicable. The court stated, "The houses in question were built under The Second War Powers Act and Priorities Regulation #33. The invoked limitation was imposed in respect of and as applicable to houses built under the Veterans Emergency Housing Act of 1946, 50 U.S.C.A.Appendix, § 1821 et seq. This act was not in effect when defendant applied for and received priority assistance in February, 1946, under Priorities Regulation #33, or when the houses were built and the deeds given. The limitation on suits imposed by Housing Expediter Priorities Regulation #5 was not made retroactive. It was not intended to, it does not, apply to suits on causes of action which had already accrued."

Thus, in the instant situation as distinguished from that of the case from which we have just quoted, there is, as shown, no allegation as to when the priority assistance was received, but it is alleged that the six sales were all made subsequent to the effective date of the 1946 Act and during the time it was in force. In other words, irrespective of whether a right to recover was conferred upon an aggrieved purchaser by the Second War Powers Act, it is plain in the instant situation that no cause of action had accrued at the time the 1946 Act became effective because there had not been a sale of any of the properties at that time. So the question as to whether an aggrieved purchaser might have maintained an action under the Second War Powers Act is academic. These sales were not made under that Act but under the 1946 Act.

■ No question is raised—in fact, it is conceded—that the date of the violation and therefore the time when the cause of action accrued is that of the sale. And the six sales having been made during the effective period of the 1946 Act, it necessarily follows that the causes of action as to such sales accrued during that time. Such being the case, plaintiffs are at once confronted with the provision in Sec. 7(d) which provides, "the person who buys such housing accommodations may, within one year from the date of the occurrence of the violation, bring an action * * *."

Plaintiffs seek to escape this delemma with the contention that "the statute of limitations contained in the Veterans Emergency Housing Act of 1946 was repealed, by Section 1(a) of the Housing and Rent Act of 1947, leaving the causes of action which had accrued under the provisions of the repealed Act in full force and effect and no longer subject to any statute of limitations, for the cause of action was not created by this Act but merely modified and to some degree extended." We assume that "by this Act" plaintiffs refer to the Act of 1947, which became effective June 30, 1947, and by its terms repealed the 1946 Act as of that date. Admittedly, the 1947 Act contained no maximum price at which housing accommodations could be sold and, therefore, no right on behalf of a purchaser to sue for an overcharge. As we understand, plaintiffs do not contend otherwise but assert that the right created by the 1946 Act survived without any limitation period during which suit must be brought. In this connection, it is also argued that Priorities Regulation 33 remained in full force and effect until December 31, 1947.

■ We think the contention must be rejected. The Act of 1947, Title 50 U.S. C.A.Appendix, § 1881 et seq., provides: "Sections 1, 2 (b) through 9, and sections 11 and 12, of Public Law 388, Seventy-ninth Congress (sections 1821, 1822 (b–d), 1823–1829, 1831, and 1832 of this Appendix), are hereby repealed * * *." Ob-

viously, this repeal language includes Sec. 7(d) (heretofore quoted) of the 1946 Act. However, plaintiffs rely upon a proviso which follows the repealing provision and which states "That any allocations made or committed, or priorities granted for the delivery, of any housing materials or facilities under any regulation or order issued under the authority contained in said Act, and before the date of enactment of this Act (June 30, 1947), * * * shall remain in full force and effect." It plainly appears that this proviso relates solely to allocations and priorities made and granted while the 1946 Act was in effect, and that it was not directed at or intended to retain in force the maximum selling price contained in the repealed Act. That provision, as shown, was expressly repealed. It is true, as plaintiffs state, that the 1947 Act contains no limitation period, but that fact militates against plaintiffs' contention. Certainly there was no occasion to fix a limitation period on the exercise of a right which had been repealed. Plaintiffs' contention leads to the incongruous result that if the 1946 Act was still in effect, the limitation period which it contained would constitute a barrier to the instant suits but that such suits may be maintained under the 1947 Act because the latter contains no limitation period. Evidently Congress by the 1947 Act intended to restrict rather than expand the rights conferred by the 1946 Act.

■ Plaintiffs' theory as to the right to recover on account of the thirty-one sales made subsequent to June 30, 1947 is stated thus: "As to those thirty [thirty-one] sales which occurred after the repeal of the 1946 Act on June 30th, 1946 [1947], Priorities Regulation 33 and the Housing and Rent Act of 1947 are the statutory basis for plaintiffs' recovery as to these sales." This theory reduces itself to the contention that recovery may be had under Regulation 33 because no limitation period is contained in the 1947 Act. Plaintiffs appear to recognize that Regulation 33 alone will not support their action but that it is only of assistance in connection with a statutory provision. As we have shown, the Regulation in connection with the 1946 Act gave a cause of action to a right which matured

while that Act was in force, provided the right was asserted within one year of the time of its accruement. And as we have already shown, no right of action is maintainable as to the six sales made prior to June 30, 1947, because the action was not brought within the limitation period. In view of what we have said, the 1947 Act is of no aid to the Regulation because that Act provided for no right of action; in fact, it expressly repealed that which had existed under the 1946 Act. Thus, all that is left of the premise upon which plaintiffs assert a right to recovery as to the sales made subsequent to June 30, 1947 is Regulation 33, but, as already shown, the Regulation in the absence of a statute conferring a right of action is of no aid to plaintiffs' cause.

■ More than that, it has been held, and we think correctly, that Regulation 33, insofar as it fixed a maximum price, expired on June 30, 1947, simultaneously with the repeal of the 1946 Act. In United States v. Fortier et al., D.C., 89 F.Supp. 708, 710, in dealing with a sale made subsequent to June 30, 1947, the court stated: "Here clearly the facts necessary to constitute a violation occurred after repeal. No proviso is contained in the Act of 1947 to maintain ceilings on the sale price of dwellings, and the failure to so provide might well have been that Congress deemed the situation did not require further supervision. Whatever powers were vested in Priorities Regulation 33 of the Second War Powers Act, under which it was promulgated and later adopted and continued in effect under the Veterans' Emergency Housing Act, would appear to have been abrogated."

The holding in the Fortier case was approved by the Court of Appeals in United States v. Fortier et al., 1 Cir., 185 F.2d 608. In discussing the point under consideration, the court stated, 185 F.2d page 611: "If Congress had further intended to keep in force for the future any maximum selling prices which had theretofore been imposed under Priorities Regulation 33, it would have been natural to express such intent in the proviso to § 1(a) which repealed the Veterans' Emergency Housing Act of

1946, the statutory basis for Priorities Regulation 33."

The same court, in United States v. Duvarney, 185 F.2d 612, again considered the status of Regulation 33 after the repeal of the 1946 Act, and held that it was not applicable to sales made subsequent to June 30, 1947. At the same time, the court expressed the view that the Regulation might be employed as the basis for an action which originated under the 1946 Act, that is, that it might be applicable to sales which were made while that Act was in effect.

Plaintiffs cite two cases in support of their contention that the suits were brought in apt time. Keele v. Holt, 5 Cir., 171 F. 2d 480; United States v. Carter, 5 Cir., 171 F.2d 530. We have heretofore referred to the Keele case and shown its inapplicability to the instant situation. The Carter case is in the same category. There, the issue was whether the government could, after the repeal of the 1946 Act, maintain an action for violations which occurred during the effective period of the Act. While the opinion does not disclose, it is evident either that the action was commenced within the one year limitation period or that the question was not raised in the Court of Appeals. At any rate, the court held, without referring to the limitation period in the 1946 Act, that the suit could be maintained. Obviously, this case furnishes no support either for a cause of action which accrued under the 1947 Act or for a cause of action which accrued under the 1946 Act, but which was not commenced within the one year limitation period.

We thus conclude and so hold that no cause of action was stated as to the six sales which were made during the effective period of the 1946 Act for the reason, as held by the District Court, that no action was commenced within the one year period, as required by that Act. As to the thirty-one sales made subsequent to June 30, 1947, the date of the repeal of the 1946 Act, no cause of action was stated because the 1947 Act contained no authority for the maintenance of an action.

As noted in the beginning, plaintiffs bring their actions in equity for a mandatory injunction requiring restitution. Emphasis is placed upon the inherent power of a court of equity to remedy the wrong assertedly perpetrated upon the plaintiffs, and it is argued that to do so we need not rely upon any express statutory provision. Whether plaintiffs were entitled under the 1946 or any other Act to proceed in equity for an injunction presents a dubious question which we need not decide. At any rate, no case is cited and we know of none which would authorize a court to order the restitution sought, in the absence of statutory authority. Plaintiffs appear to so recognize because by their complaints they attempt to state a cause of action based upon their rights as fixed by statute and regulation. Under the circumstances, we are of the view that their rights must be determined by the same yardstick whether they sue at law or in equity.

The order dismissing the complaints is Affirmed.