### UNITED STATES v. OLDS.
### No. 13423.

United States Court of Appeals
Fifth Circuit.
Dec. 14, 1951.

As Modified on Denial of Rehearing
Jan. 31, 1952.

William R. Eckhardt, III, Asst. U. S. Atty., Brian S. Odem, U. S. Atty., Houston, Tex., for appellant.

Lawrence P. Gwin, Robert F. Harwell, Houston, Tex., for appellee.

Before HUTCHESON, Chief Judge, and HOLMES and STRUM, Circuit Judges.

HUTCHESON, Chief Judge.

Brought November 1, 1948, by the United States to enforce compliance with the Second War Powers Act, as amended,[1] and the Veterans' Emergency Housing Act of 1946,[2] the suit was to compel restitution, to each of fourteen purchasers from defendant of houses built with priority assistance, of amounts paid in excess of the applicable maximum sales price.

The claim was: that the defendant had applied to the Federal Housing Administration for authorization and priority assistance for the construction of 14 dwellings at a purported figure of $9000 for each house; that the F. H. A. determining that the maximum sales price for the houses should be $8770; had denied the application; but that, notwithstanding the denial, the defendant had used the F. H. A. project serial number 114,001,482, which had been assigned to the denied application, to obtain, and he did obtain, materials specified in his application; and that he built the houses and sold them for the respective prices set out in the petition, each in excess of the applicable maximum sales price as determined by the F. H. A.

Defendant's motion to dismiss, for want of authority of the United States to bring

---

1.  50 U.S.C.A.Appendix, § 633.

2.  50 U.S.C.A.Appendix, § 1821 et seq.

the suit, and for want of equity, denied, he filed his answer. In substance, the answer: denied that the F. H. A. had determined that the maximum sales price of the houses should be $8770; and alleged that had defendant applied for such approval prior to the sale of the dwellings it would have fixed a sales price on each in excess of the price for which they were sold. Alleging that, in each of the sales made, the price charged was not in excess of the applicable maximum price the F. H. A. would have set on houses of like size and quality if he had made the application, he alleged further that to order restitution of any amount would constitute an unjust enrichment of each purchaser and would be wholly wanting in equity.

On April 6, 1950, the cause came on for hearing before the court and was fully heard on all of the issues tendered. On May 17, after the hearing was concluded, but before the decision had been announced

and judgment entered this court, in a rent control case, Moore v. U. S., 5 Cir., 182 F.2d 332, 333, handed down its opinion, holding in substance that the termination of rent control also terminated the incidental right of the expediter to sue for restitution.

The district judge, being of the opinion that the case was controlling here, filed findings of fact and conclusions of law:

"Findings of Fact.

"I adopt the suggested Findings of Fact heretofore filed by the Defendant at the request of the Court, under date of June 23, 1950." [3]

"Conclusions of Law.

"I conclude that the plaintiff is not entitled to recover, on authority of Moore v. U. S., Court of Appeals for the Fifth Circuit, No. 13031, not yet reported."

In addition he filed a memorandum [4] and entered a judgment in which he found for

3. These in effect sustained the theory of the defense as put forward in its answer as to all of the houses, save one, as to which it was found that the defendant had made an overcharge of $170.

4. "Memorandum:

"To afford the Appellate Court a better understanding of my reasons for denying recovery in the event the U. S. perfects an appeal herein, I make the following observations in connection with this cause.

"The defendant Olds, in the construction business in Houston, Texas for many years, in 1946 made application for priority assistance for the construction of fourteen dwellings. He submitted therewith plans and specifications for a 'typical' house, it being contemplated that the fourteen houses would differ from this typical plan only in minor particulars. He requested an authorized sales price of $9000.

"This application was denied by the Federal Housing Administration based on calculations by that office, in conformity with a formula there used, that the maximum authorized selling price should be $8770 for a house of this size, type of construction, etc. On the face of the application, when it was returned to Olds, was a priority serial number, as would have been the case had the application been approved. The fact that it was rejected was noted in an inconspicu-

ous spot. On casual observation, Olds thought the application had been approved. He used the serial number thereto attached as his authority for purchasing building materials, which then were subject to priority regulations, and used these materials in the fourteen houses. Long after he started construction he learned that in fact his application had been denied.

"His work was delayed for several months for reasons of no consequence here, and during that period building costs, labor, etc. in Houston and the adjoining area were rising. Defendant makes much of the fact that had he submitted his application when the houses were completed, the formula used by the Federal Housing Administration would have shown a higher authorized sales price. This seems of little consequence to me because it is undisputed that he failed to apply for a modification of his old application or to file a new one.

"In selling the houses, Olds had an appraisal made by the Veterans Administration so that the purchasers might secure a loan guaranty through that agency. These appraisals were all in excess of the $9000 figure which he had originally requested as the sales price. He sold each house (with one exception noted in the Findings of Fact) for an amount equal to or slightly less than the Veterans Administration appraisal, but

defendant and denied plaintiff restitution as sought.

Appealing from that judgment, the United States is here insisting that the judgment should be reversed and the cause remanded with directions to the trial court to enter a mandatory injunction, requiring appellee to make restitution of all overcharges received in violation of Priorities Regulation 33.

In support of its position, it relies upon U. S. v. Moore, 340 U.S. 616, 71 S.Ct. 524, 95 L.Ed. 582, reversing our decision, upon Porter v. Warner Holding Co., 328 U.S. 395, 66 S.Ct. 1086, 90 L.Ed. 1332, and upon the numerous decisions of this and other courts requiring restitution of overcharges "either as an adjunct to a prohibitory injunction or independently and without regard to whether such an injunction is being sought or has been denied." [5]

The appellee realizes that the reversal of Moore's case has deprived his judgment of the prop on which the district judge rested it. He insists, though, that the record conclusively shows, and the court found: that no maximum F. H. A. price was established; that the houses sold were fully worth the price charged; that the equities are with the defendant; and that this court should affirm the judgment.

We do not think so. While it is true that the district judge adopted the findings of fact prepared by defendant at his request, it is further true that he rejected the conclusions of law prepared by the defendant. In lieu thereof and, as he stated, for the guidance of this court, he filed a memorandum as an adjunct to his findings of fact and conclusions of law. As shown therein, his conclusion upon the whole case was that, but for our decision in Moore v. U. S., supra, he would have ordered restitution for the difference between the selling price and $9000, the price which, in defendant's application for priorities, he had fixed as the selling price of the houses he intended to build with the materials he intended to, and did, obtain under and by virtue of the project number given to the application.

We agree with the district judge's conclusion: "I see no reason why he should profit from his own wrong in using the invalid priority, nor do I see how he could legitimately complain if treated now as he would have been treated had his application been approved."

substantially in excess of the $9000 figure for which he had originally requested approval. Due to the rising prices, each purchaser got his money's worth and one or two of such purchasers since have resold at a figure more than they paid for the property.

"The Government here seeks restitution for the use and benefit of the purchasers for the difference between the actual sales price and $8770. I do not think they are entitled to recover this amount because the figure of $8770 was in nowise binding on the Defendant. He had no actual knowledge, nor was he charged with knowledge, that according to the calculations within the Federal Housing Administration office, this was the maximum sales price which they would have approved. While he no doubt violated the law and regulations issued pursuant thereto in procuring his materials without a valid priority, he does not thereby become bound to sell those houses for a figure which the Federal Housing Administration calculated without his knowledge or consent.

"I had seriously considered permitting recovery of restitution for the difference between the selling price and $9000. Had his original application been approved, Olds would have been obliged to sell for this figure. I see no reason why he should profit from his own wrong in using the invalid priority, nor do I see how he could legitimately complain if treated now as he would have been treated had his application been approved.

"I decline to give this relief, however, on the basis of Moore v. U. S., supra, which I interpret to hold that an action of this kind solely for restitution, and seeking no other equitable relief, cannot now be maintained, the statutes upon which the action is based having expired."

5. Eberling v. Woods, 8 Cir., 175 F.2d 242, 244; Woods v. Wayne, 4 Cir., 177 F.2d 559; Creedon v. Randolph, 5 Cir., 165 F.2d 918; U. S. v. Carter, 5 Cir., 171 F.2d 530; Heinicke v. Parr, 6 Cir., 168 F.2d 194; Keele v. Holt, 5 Cir., 171 F.2d 480; Keele v. U. S., 5 Cir., 178 F.2d 766.

The theory of the defendant that, since the record shows that no maximum price was fixed and there was evidence that if defendant had applied to the administration after the houses were finished, and before they were sold, for a redetermination of the maximum sales price, a price would have been fixed on the house in excess of that for which they were sold, is a pretty theory. It will not, though, stand up in fact, the record showing that no such application was at any time made.

The judgment is reversed and the cause is remanded with directions to enter judgment for the plaintiff requiring defendant to make restitution in each case for the difference between the selling price and $9000, without prejuidce, however, to the right of the district judge, if he is so minded, to allow appellee credit for the cost of venetian blinds and tile not included in his original application for priority, but included in each house sold, less the replacement costs of fibre wood insulation in the ceilings, included in his application for priority but omitted from the construction of the houses as sold.

Reversed and remanded with directions.