## UNITED STATES v. EMERY et al.
### No. 9819.

United States District Court
S. D. California, C. D.
Aug. 12, 1949.

Abe I. Levy, Christian V. Murray, Los Angeles, Cal., for the plaintiff.

Daniel Dougherty, Los Angeles, Cal., for the defendant.

YANKWICH, District Judge.

The action is for treble damages, restitution and injunction. The defendants have filed a motion to dismiss. They attack the validity of the Housing and Rent Act of 1947 as amended, 50 U.S.C.A.Appendix, § 1881 et seq., and the right to institute the action.

I do not agree with the recent decision in the case of Woods v. Shoreline Cooperative Apartments, Inc., D.C., 84 F. Supp. 660, by the District Court for the Eastern Division of Illinois, wherein the Housing and Rent Act of 1949, 50 U.S.C. A.Appendix, § 1881 et seq., was held unconstitutional. The present Act follows the pattern of other Rent Acts. The war emergency still exists. The United States Supreme Court has held repeatedly that war powers may be exercised for a reasonable number of years after the actual "shooting war" ends, in order to take care of the economic dislocations which follow each war. Fleming v. Mohawk etc. Lbr. Co., 1947, 331 U.S. 111, 67 S.Ct. 1129, 91 L.Ed. 1375.

In Lewis v. Anderson, Secretary of Agriculture, 9 Cir., 72 F.Supp. 119, 120, involving sugar controls, I held that administrative penalties could be imposed on retailers for violating sugar controls after the "shooting war" had ended. I used this language, which is as applicable today as it was on June 9, 1947:

"Wars have never actually terminated on the day 'cease-fire' orders were given. Many of them continued for decades, not so much in the form of actual fighting, but in the disruption and dislocation which they

caused in the life of the nations involved. These facts, which are truisms to any student of history, apply especially to modern warfare, as exemplified by the last war. The destruction and the dislocation of the economic life of both the victor and the vanquished continued and will continue for years after the actual hostilities with Germany and Japan ended. And so those who are in charge of regulating and controlling the economic life of the nations involved in the war have the difficult problem of determining when the various controls should come to an end. Wishful and unrealistic thinking call for immediate cessation of all governmental interference with economic life. Prudent statesmanship, economic or other, realizes the danger of immediate decontrol. The persons who are loudest in demanding the immediate return to free economy complain most vociferously about 'sudden' decontrol. Rightly. For economic life cannot stand 'sudden shock'. Adjustment from war to peacetime economy, if it is to be helpful, must be gradual.

"The failure to understand these fundamental economic principles is responsible for many of the contentions which are now made before the courts. Some litigants wish us to adopt the view that, regardless of what the Congress does, the actual cessation actually entitles businesses or activities under control to be relieved from it."

The United States Court of Appeals for the Ninth Circuit, on June 22, 1949, in the case of Woods v. McCord, 9 Cir., 175 F.2d 919, held that the various money recoveries under the Act, whether in the form of reimbursement or otherwise, are imposed for two purposes: (1) to make a landlord repay rent unlawfully exacted, and (2) to help enforce the law. This is a complete answer to the contention made here that the Congress cannot authorize the Housing Expediter to collect sums under the jurisdictional minimums of the United States District Court. Congress may choose the forum in which it will enforce its own laws. As the Constitution does not set a minimum money value for the jurisdiction of the District Courts, the Congress may make jurisdiction independent of the amount involved. Rent Act, secs. 205, 206, 50 U.S.C.A.Appendix, §§ 1895, 1896. See Creedon v. Randolph, 5 Cir., 1948, 165 F.2d 918.

On the question of delegation of legislative power, the case of Carter v. Carter Coal Company, 1936, 298 U.S. 238, 56 S.Ct. 855, 80 L.Ed. 1160, has lost its force. When the Congress authorized cities to recommend decontrol after hearings, the delegation of power in that respect was no greater than that given to the advisory committees under the Agricultural Adjustment Act, 7 U.S.C.A. § 601 et seq., which many years ago I upheld in Redlands Foothill Groves v. Jacobs, 1937, D.C., 30 F. Supp. 995. And see my opinions in United States v. Edwards, D.C.Cal.1936, 14 F. Supp. 384; United States v. Edwards, D.C. Cal.1936, 16 F.Supp. 53, affirmed in Edwards v. United States, 9 Cir., 1937, 91 F.2d 767.

So the matters presented in this case are not new. I have ruled on similar matters in the past. If to this fact I add the obligation of lower courts to apply the presumption of constitutionality to acts of the Congress, it is evident that none of the points raised is meritorious. I need not wait until the Supreme Court has acted on the appeal from the decision on the Illinois case.

The motion to dismiss is denied.