**WOODS, Housing Expediter v. GRIGGS et al.**

**No. 856.**

United States District Court
W. D. Missouri, S. D.

Feb. 20, 1950.

H. C. Happ, Regional Attorney, Dallas, Tex., Joseph E. Babka, Chief Litigation Attorney, Joseph C. Lyons, St. Louis, Mo., Ralph E. Griffith, Kansas City, Mo., Litigation Attorneys, for plaintiff.

J. D. Gustin, Joe N. Brown of Springfield, Mo., for defendant.

REEVES, District Judge.

The question for decision in this case is whether the defendants should be required to make restitution of alleged rental overcharges. While the suit is for an injunction as well as one to compel restitution, the evidence showed that the property had been sold in foreclosure and that the defendants were no longer owners. It may be that there exists a right of redemption, but, even if so, the housing accommodation would no longer be used for rental purposes.

The prayer for restitution is in favor of Maxine Purvis from November 8, 1946 to December 8, 1946, in the sum of $25.00, and from December 8, 1946 to August 8, 1947, in the sum of $160.00. The restitution sought in favor of M/Sgt. Remel Haskett was from October 1, 1948 to January 1, 1949, in the sum of $165.00.

It is alleged by the plaintiff that the maximum fixed by the administrator or expediter was $30 per month during the entire period but that, for the first period, a charge of $55 per month was made. In the second period a charge of $50 per month was made, and in the third period a charge of $85 per month was made.

The evidence showed that the property was registered on August 23, 1944 by the then-owner, one Upchurch. Subsequently the property was sold by the then-owner to Charles R. Blankenship, who became an occupant of the property. On August 7, 1945, Blankenship transferred the property by general warranty deed to the defendant James W. K. Crunk. The deed contained a recital that it was "subject to balance on loan of $2500.00 to Nathaniel McGiffin of Springfield, Missouri." It appeared thereafter that the defendants made substantial improvements on the property and then offered it as a housing accommodation to tenants.

In a previous action in this court for alleged overcharges up until November,

1946, on the same property, a trial to a jury resulted in a verdict for the defendants and that no overcharges had been made. Practically the same evidence was presented in this equitable proceeding. The evidence of plaintiff showed that the property was registered and that a maximum rental of $30 per month was fixed on the property by the administrator, the predecessor of plaintiff. This was done for the reason that, according to the standards fixed by the administrator it had been rented during the "freeze" period at $30 per month. After the property was acquired by the present defendants it was their contention that they were not apprized of the registration made by the predecessor of the plaintiff, and that repeated visits had been made to the office of the Area Rental Director for information concerning the rental charges that might be made and that on such visits they were not informed that there had been a registration. On the other hand, one of the defendants, Maribelle Griggs, testified that she had presented to the Area Director a statement of proposed charges and had attempted to file same as a registration. Such record was not made according to the proofs of the plaintiff.

Following the former trial the defendants introduced a document purporting to have been written by the District Enforcement Attorney for the Price Administrator dated October 14, 1946. The document was tantamount to an opinion in favor of the defendants and indicated that the property was not subject to control and that no maximum rental charges had ever been fixed. This document appeared to have been authentic and its averments were not explained away by the evidence although there was evidence that Honorable Dick F. Bennett, who had signed the document had no recollection of its issuance. Moreover, he not only disavowed the document, but indicated that it was not a clear statement of the law. This document was not a fabrication of the defendants and in this equitable proceeding should be given consideration in their behalf.

The witnesses for the plaintiff were uncertain as to what information had been given defendants with respect to the prior registration of the property for rental purposes.

It appeared on behalf of the defendants that the property was foreclosed under a deed of trust mentioned in the deed of conveyance to the defendants, and that at a public sale it brought the sum of $8410.70, and that the purchaser was the Lebanon Savings and Loan Association of Lebanon, Missouri. This purchase price at an enforced sale would afford some evidence as to the value of the property and whether the maximum rental fixed by the administrator was in fact designed to be applicable to it after the property was acquired by the defendants and certain improvements were made thereon.

■ 1. At the outset the defendants challenge the jurisdiction of the court on the ground that the property was not situated within a properly designated Defense Rental Area. It appears from the Federal Register that, on Tuesday, August 1, 1944, the Defense Rental Director designated Springfield, Greene County, Missouri, as a Defense Rental Area under rent regulations for housing. The maximum rent date was fixed as of July 1, 1943, and the effective date of the regulation was August 1, 1944. The Registration Statement was filed on September 15, 1944. There can be no question, therefore, but that the property was situated within the Defense Rental Area for housing and that it was subject to regulation and that the Rental Director was fully clothed with authority to fix a maximum for charges to be made on said property as a housing accommodation.

■ 2. Counsel for defendants further contend that the act is unconstitutional for the reason that it was originally enacted as a war measure, and that the Congress had no authority to extend its provisions. The Supreme Court, in Woods v. Cloyd W. Miller Co., 333 U.S. 138, loc. cit. 141, 68 S.Ct. 421, 423, 92 L.Ed. 596, held to the contrary. Citing an earlier case, the court said:

" * * * that the war power includes the power 'to remedy the evils which have arisen from its rise and progress' and con-

**112**

tinues for the duration of that emergency. * * * the war power does not necessarily end with the cessation of hostilities."

See also United States v. Emery, D.C., 85 F.Supp. 354 and the district judge's sharp disagreement with Woods v. Shoreline Cooperative Apartments, Inc., D.C., 84 F.Supp. 660, relied on by defendants' counsel.

■ 3. It is further contended by counsel for defendants that the statutory bar operating against a tenant to recover overcharges would affect the right of the government to compel restitution. The courts have held that the limitation of the statute does not apply to the government. Woods v. McCord, 9 Cir., 175 F.2d 919, 922. The reason that the rule was not made applicable to the government was expressed by the court as follows:

"* * * the action to compel restitution is not solely for the redress of private wrongs; it is primarily concerned with the vindication of public rights."

And of course it was not intended that the government should be limited or restricted in the exercise of its sovereign power.

■ 4. This being an equity case the facts must be appraised by the chancellor and a decree entered conformable to the appeal of such facts to the conscience of the chancellor. While it is indisputable from the proof that the property was registered and a maximum rental charge of $30 per month was fixed for it, as a housing accommodation, yet, when the defendants acquired the property, it was then occupied by the owner and the defendants had a right to assume that it was not registered for rental purposes, and it became the duty of the administrator, upon inquiry by the defendants, to acquaint them with the fact of such registration and to hear any assigned reasons why either a new registration should be made, and a rental exacted which might be permitted in harmony with the improved and enhanced value of the property. It is apparent from the evidence that the defendants did not obtain such information and that it would be inequitable to require them to make restitution in a case where they were without fault and were confused with relation to the status of the property and where, according to the evidence, the maximum rental fixed was below a figure that would have been an equitable and a proper return to the owners.

■ In addition to the above, on practically the same state of facts, a jury was of the opinion that, in view of all the circumstances, the defendants had not overcharged their tenants and had not violated the maximum or ceiling regulation of the administrator. This finding is not binding, but should be treated as advisory.

In view of the above, the plaintiff should be denied the relief he seeks and a decree should be entered in favor of the defendants.